FELIPE PIERALDI-CEDEÑO, Appellant, *v.* REGISTRAR OF SAN GERMÁN, Respondent.

No. 657. Submitted November 2, 1926.—Decided November 23, 1926.

*José Tous Soto* for the appellant. The registrar did not appear.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

Felipe Pieraldi Cedeño presented in the Registry of Property of San Germán a deed showing that he was a co-owner of a rural property and applied for the conversion to a record of ownership of a record of possession of a share of said property, alleging that more than twenty years had elapsed from the date of the record of possession, without any interruption whatever in said possession.

The registrar denied the petition in a decision of October 8, 1926, set down at the foot of said document, wherein he simply bases his refusal on the ground stated in his decision of November 6, 1926. Said decision reads as follows:

"Denied the conversion into a record of ownership of the record of possession of the property described in the foregoing document, which is a copy of deed No. 121 executed in the city of Ponce on July 19, 1926, before notary José Tous Soto, because from the records in the books of this registry it clearly appears that the property described was recorded as jointly owned by Felipe Pieraldi y Graciani and Francisco Pieraldi y Bianchi, partly as owners and partly as possessors, and the share of Felipe Pieraldi y Graciani in the jointly owned property was thus recorded, as appears from record 2 of property No. 599 on folio 123 of volume 12 of Yauco. As hereinbefore stated said Francisco Pieraldi y Bianchi and Felipe Pieraldi y Graciani had joint ownership of 289.25 acres and the possession of 118.19 acres, which property was later on increased by the addition of other properties up to 500.50 acres. That Felipe Pieraldi y Graciani left when he died on April 25, 1919, to his adopted daughter, María Bertha Pieraldi, all of his property in usufruct so long as she should be childless, but if she ever had any children she would become the full owner of said property to dispose of as his legitimate and universal heir. In case she died childless then the property left her would go to other persons that the testator himself named in his will to substitute the legatee in such an emergency in the manner and in the amount specified in such will. This resolutory condition is still in full force and under the same Bertha María Pieraldi acquired the share of that property jointly owned by her ancestor, Felipe Pieraldi y Graciani, because nothing appears from the records to show that said resolutory condition has been extinguished because the same has not been accomplished in any manner. It appears from the records that Bertha María Pieraldi was made heiress by her ancestor only to the usufruct of his property at that time subject to the aforesaid condition of having children, and her condition of usufructuary would be changed into that of owner if she became a mother and as such a thing has not been shown to have taken place we must sustain such resolutory condition as it was established by the will of the testator. It does not matter whether such joint ownership as was held by Martha María Pieraldi in said property by virtue of said bequest has been conveyed to other person or persons, because said conveyances carried with them the curable defect which appears in that and subsequent records. This joint ownership was recorded in favor of said heiress subject to that condition and such condition has appeared in all records and deeds in regard thereto without any objection having been made to the mention of the same, but rather it seems to have been tacitly

accepted by the interested parties. For the reasons above stated said condition does not allow the granting of the conversion in question and the same is denied.''

The supplementary documents mentioned in the decision of October 8, 1926, and exhibited to the registrar together with the deed do not appear in the record. We have no other plea for the consideration of this appeal than the statement of the appellant appearing in said deed and the registrar's decision.

The appellant bases his appeal on the provisions of article 441 of the Regulations for the Execution of the Mortgage Law as amended by Act No. 21 of July 7, 1923. The amendment consists mainly in the addition to the said article of the following:

''*Provided,* That when more than twenty years have elapsed from the date of the record of possesion and no note indicating that prescription has been interrupted during said term of twenty years exists in the registry, the registrar shall convert said record of possession into a record of dominion by means of a marginal note, on application of the owner of the estate the right to which is recorded, said application to be stated in a public instrument.''

The registrar's decision shows everything that is contained in the books of the registry in regard to the joint ownership of Felipe Pieraldi y Graciani in the property which is the subject of this appeal. All the property of the ancestor Pieraldi y Graciani was left by him in usufruct to his adopted daughter, María Bertha Pieraldi, who would inherit the same in full ownership if she had children according to the condition imposed in the will. We agree with appellant that the condition is suspensory and not resolutory. As it can not be known with certainty whether the legatee may have children, the uncertainty of the realization of such event makes it a condition suspending the conversion of the usufruct into full ownership so long as the event on which it depends does not happen. But the nature of the condition makes no difference. As it appears from the registrar's

decision, the bequest has been recorded, as provided by the testator, and then the condominium in the property referred to in the appeal has been conveyed several times subject to said condition. If this condition is accomplished by the legatee's having children a change in the records would take place *ipso jure* by her acquiring the full ownership of the property of her ancestor, and this would be incompatible with the petition of appellant if the conversion which the same implies were recorded. There is no doubt, then, as to the existence of the interruption of the prescription as indicated by the registrar in his decision and that the condition of the registry created by the record of the bequest can not in any way be altered without the consent of the legatee or without a judicial statement, *ex officio judice,* establishing the physical impossibility of the condition being accomplished or proving in any case the demise of the legatee without children.

The decision must be affirmed.

Mr. Justice Hutchison took no part in the decision of this case.